UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | |
| SALVADOR T. RIOS and<br>MARIARELI RIOS-AREANAS,<br>    Debtors. | Bankruptcy Case<br>No. 11-63883-fra12 |
| SALVADOR T. RIOS and<br>MARIARELI RIOS-AREANAS,<br>    Plaintiffs | |
| v. | |
| RANDY HIDAY and TRACY HIDAY,<br>    Defendants. | Adversary Proceeding<br>No. 11-6247-fra<br><br>MEMORANDUM OPINION |

Defendants filed a motion for partial summary judgment against Plaintiffs, seeking a ruling that Plaintiffs have waived their claims other than that for rescission and that the trial should be held only to litigate the amount of rescission damages to be awarded. For the reasons that follow, Defendants' motion will be denied.

## FACTS

Defendants sold farm property to Plaintiffs on a land sale contract. After Plaintiffs refinanced an underlying debt secured by a lien on the property, the land sale contract was modified to provide for monthly payments of $1,425.64 with a balloon payment for the remaining balance due on July 1, 2012. Defendants

Page 1 - Memorandum Opinion

1  fell behind on their financial obligations under the land sale contract and failed to pay property taxes for a
2  number of years.  Defendants were also having difficulty finding financing to make the balloon payment
3  under the contract, which had originally been due in 2011.  In 2011, Defendants demanded that Plaintiffs
4  vacate the subject property and Plaintiffs left, they say under protest.  Since their ouster from the property,
5  Defendants have been unable to raise chickens for Foster Farms pursuant to a contract they had with that
6  company.

Plaintiffs also contend that Defendant Randy Hiday failed to pay Mr. Rios the wages due him under Oregon law during the period he was employed by Mr. Hiday.

The Defendants filed bankruptcy under Chapter 12 and filed a complaint against Defendants, containing the following claims:

1) Declaration that Plaintiffs are the owners of the property subject to Defendants' security interest.

2) Automatic Stay: Defendants' failure to return property to Plaintiff constitutes a violation of the automatic stay.  Seeks damages and attorney fees.

3) Contempt for violation of the automatic stay.

4) Tortious Interference: Interference with Plaintiffs' agreement with Foster Farms.  Seeks damages in the form of lost income.

5) Civil penalties under Oregon law for failure to pay wages in accordance with Oregon law.

6) Rescission: If property not returned to Plaintiffs, Plaintiffs seek rescission of the modified land sale contract and return of all money paid pursuant to that contract.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.  The movant has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir.

1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257. Fed.R.Bankr.P. 7056, which incorporates Fed.R.Civ.P. 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. *See Celotex Corp.*, 477 U.S. at 326-27.

## DISCUSSION

Plaintiff cites to Oregon case law which indicates that in lieu of a vendor under a land sale contract being forced to file for forfeiture or foreclosure upon the default by a vendee, the vendor and vendee may agree upon other remedies, such as a deed in lieu of foreclosure or on mutual rescission. Plaintiff argues that this is exactly what happened here: Plaintiffs voluntarily abandoned the property and made an "unambiguous" request to the Defendants for the return of their down payment, thus evidencing a request for rescission of the contract. Since Defendants counterclaimed for rescission in this litigation, a mutual rescission of the contract has occurred by operation of law. The only thing left, according to Defendants, is to determine who owes whom and how much.

The "unambiguous" request to rescind to which Defendants refer is evidenced by a letter written by one or both of the Plaintiffs in which they appear primarily to seek information or help from the Defendants to enable them to obtain a loan from Citizens Bank to make the balloon payment due under the land sale contract. They finish the letter by asking Mr. Hiday to "help us keep our home and business [because it] is our future, is how we live from, we have bills to pay and don't want to go to bankruptcy. Or if we can have back the down payment we give to you and still are a possibility for us to go to bankruptcy because we have bills to pay."

// // //

Page 3 - Memorandum Opinion

In order to be eligible for equitable rescission, a party to a contract must promptly disaffirm the contract upon discovering the facts giving rise to rescission. The disaffirmance must be by clear and unambiguous notice of the intent to rescind to the other party, *Stovall v. Publishers Paper Co.,* 284 Or. 53, 57 (1978), coupled with a tender of whatever performance is needed to return the parties to their pre-contract positions, *Bolenback v. Contintental Cas. Co.*, 243 Or. 498, 503 (1966).

Making inferences in favor of the nonmoving parties, the Plaintiffs, the court finds that the letter pointed to by Defendants is not an unambigous request for mutual rescission. It is a request for assistance to enable the Plaintiffs to remain in possession and ownership of the farm property so that they would be able to pay their bills and continue in the life they had chosen. Only if this failed did the Plaintiffs seek a return of their $20,000 down payment. Neither party to the contract disaffirmed the contract and the Plaintiffs argue that they left the property under protest. There is certainly enough ambiguity that the issue cannot be determined in the context of a motion for summary judgment.

## CONCLUSION

For the reasons given, Defendants motion for partial summary judgment will be denied. Counsel for Plaintiffs should submit a form of order consistent with this ruling.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 4 - Memorandum Opinion